UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRYL BRIGHTWELL                                                      PETITIONER

VS.                          CIVIL ACTION NO. 3:17CV242TSL-LRA

WARDEN LARRY SHULTS                                         RESPONDENT

ORDER

This cause is before the court on the report and recommendation of Magistrate Judge Linda R. Anderson entered on November 18, 2019, recommending that Brightwell's § 2241 petition be dismissed. Petitioner Darryl Brightwell has not filed an objection and the time for doing so has expired. Having reviewed the report and recommendation, the court concludes that the report and recommendation is well taken and hereby adopts, as its own opinion, the magistrate judge's report and recommendation.

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate Linda R. Anderson entered on November 18, 2019, be, and the same is hereby, adopted as the finding of this court. Accordingly, it is ordered that the petition is dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.1

---

1     If petitioner is now on supervised release, he would satisfy the "in custody" requirement. See Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004) ("[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he

SO ORDERED this 16th day of December, 2019.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

filed the petition, and that his subsequent release has not rendered the petition moot). However, his release nevertheless renders this case moot. This is because, even had he been entitled to additional good time credit toward his sentence that he did not receive, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment Brightwell may be required to serve for violating the conditions of his release. 28 C.F.R. § 2.35(b); see United States v. Johnson, 529 U.S. 53, 60 (2000) (holding that the length of a supervised release term may not be reduced by reason of excess time served in prison).